(39 Misc. Rep. 208.)

### BURKE et al. v. RHOADS.

(Supreme Court, Special Term, New York County. November, 1902.)

1. LLOYD'S INSURANCE—ACTION AGAINST UNDERWRITER—DEFENSE.

A Lloyd's insurance policy made the liability of an underwriter individual and limited the amount to a specific sum on all insurance written. The general manager was sued to recover an alleged loss under the policy, the complaint alleging that a judgment, which by agreement established the amount of the liability of defendant as an underwriter, had been recovered against defendant as general manager and attorney in fact for all the underwriters. Held, that it was a defense that defendant had been compelled to make payments on other policies of the said · Lloyd's which exceeded his liability as stipulated and fixed by the policy in suit.

2. SAME—SUPPLEMENTAL ANSWER.

Where, in an action, a manager of a Lloyd's sued an underwriter who set up as a defense a judgment against him in excess of his liability to

the Lloyd's, and such judgment had been modified on appeal, and the amount reduced, since the commencement of the action before answer filed, defendant may in his answer set up the modification as a partial defense to the action, and need not file a supplemental answer, under Code Civ. Proc. § 544, providing that material matter occurring since the service of the answer may be set up by supplemental answer.

Action by Francis P. Burke and Willard S. Brown, general managers for the underwriters at the New York and Boston Lloyd's, against Benjamin T. Rhoads, Jr. Demurrer to answer overruled.

William B. Ellison, for plaintiffs.
Cantor, Adams & McIntyre, for defendant.

SCOTT, J. This is an action against an underwriter of a so-called Lloyd's insurance policy. The complaint contains the usual allegation showing the recovery of a judgment against this same defendant as general manager and attorney in fact for the underwriters of what was known as the People's Fire Lloyd's; that the defendant was himself an underwriter upon the policy upon which the loss occurred; and that the special fund designated in the policy as the primary source from which losses were to be paid has long since been exhausted. The defendant sets up two defenses, one to the whole cause of action, and one partial, to both of which plaintiffs demur for insufficiency. By the first defense the defendant seeks to avail himself of a limitation upon his individual liability contained in the policy. The complaint, as it will be observed, does not set forth the facts showing the loss under the policy or the amount of such loss, as it would be necessary to do if the action was brought directly upon the policy, but merely alleges that there was a loss, and that in an action against the general manager judgment was rendered fixing the loss and the liability upon the policy at a certain sum. This, of course, is the proper practice, and finds its justification in a clause in the policy reading as follows:

"No action shall be brought to enforce the provisions of this policy except against the general manager and attorney in fact as representing all the underwriters, and each of the underwriters hereby agrees to abide the event of any suit so brought as fixing his individual responsibility hereunder. Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters unexpended; if such premiums shall be insufficient, then out of the deposit made by the several underwriters; if both shall be insufficient, then out of the individual liability of the several underwriters as hereinbefore expressed and limited."

From this clause in the contract, which alone furnishes a ground for this action, it appears that the several underwriters did not pledge their individual liability to an unlimited extent, but only as "hereinbefore expressed and limited." What that limitation was appears from another clause in the policy upon which the defendant relies, and which reads as follows:

"The liability of each of the underwriters in case of any loss and the amount insured by each underwriter shall be his proportionate part of the aggregate amount payable to the insured upon such loss, and no one of the underwriters shall be, in any event, liable under this policy for an amount exceeding five hundred dollars. In no event or contingency shall any underwriter herein be liable for any part of any other underwriter's liability herein,

the liability assumed herein by each underwriter being separate and individual only, as if each underwriter had issued to the assured herein a separate policy, their liability being several, and not joint; * * * and the total liability of each underwriter on all policies now or hereafter in force, after the application of the total unexpended premiums, shall not exceed twenty-five hundred dollars, the original subscription of five hundred dollars each being therein included."

The defendant alleges that as an underwriter of the People's Fire Lloyd's he has been compelled to pay, and did pay, after the issuance of the policy referred to in the complaint, on policies of insurance of said Lloyd's existing and in force at and after the time of issuance of plaintiffs' policy, and after the application of the total unexpended premiums, a sum greatly in excess of $2,500, whence as he claims he has paid his total fixed liability as an underwriter, and is not liable in any sum whatsoever to the plaintiffs. I am unable to see why this defense is insufficient. The only liability of defendant to plaintiffs was that which was expressed in the contract between them, and that contract determines the nature and extent of the liability. When the defendant entered upon such a contract it was his right to place such limitations as he saw fit upon the obligations and liabilities which he assumed, and it was open to the plaintiffs to make the contract if its terms suited them, and to leave it alone if its terms did not suit them. The entering upon it was purely optional with them, but if they did enter upon it they were bound to take it as it was made. The whole contract must be read together, and, being so read, it clearly appears, so that any one reading the policy must have seen it, that the individual liability of each underwriter upon all policies outstanding or to be issued was not to exceed the sum named. There is nothing any more unreasonable in such a limitation than there is in any limitation an obligor may see fit to place upon his liability upon any contract he may see fit to enter upon. There is certainly nothing more unreasonable in the limitation than there is in the limitation placed by law upon the individual liability of stockholders in ordinary fire insurance companies. The partial defense to which the plaintiffs demur sets up that on June 12, 1902 (after the commencement of this action), the judgment against the general manager of the People's Lloyd's was reduced, on appeal, whereby the defendant, if liable at all, is liable in a less sum than that claimed in the complaint. Whatever liability the defendant may be under depends upon the judgment against the general manager, and of course his liability is lessened or wholly obliterated, as the case may be, if that judgment be reduced or reversed. The defendant's point appears to be that, inasmuch as the modification took place after the commencement of the action, the plea of such modification should be contained in a supplemental, as distinguished from an original or amended, complaint. In my opinion this objection cannot properly be taken by demurrer, for the defense is sufficient upon its face by whatever name the pleading containing it may be called. If the defense was improperly included in the present answer the proper remedy was to strike it out. The answer now before me is styled an amended answer. It does not show in what the amendment consists, but

I am informed by brief of counsel that it does not consist in the insertion of this partial defense, which was included in the original answer. The question, then, is whether a modification of the original judgment having taken place after the commencement of the action, but before answer, it could properly be pleaded by the answer, or whether it was the duty of the defendant to first answer without reference to the modification, and then serve a supplemental answer setting up the modification of the judgment. The question seems to be answered by section 544, Code Civ. Proc., which permits the service of supplemental pleadings "alleging material facts which occurred after the former pleading, or of which he was ignorant when it was made," the obvious inference being that facts which occurred before the original pleading was drawn should be included therein. The demurrer must be overruled, with costs, with leave to plaintiffs to withdraw demurrer and reply upon payment of costs within 20 days.

Demurrer overruled, with costs, with leave to plaintiffs to withdraw demurrer and reply upon payment of costs within 20 days.