BURKE et al. v. RHOADS.

(Supreme Court, Appellate Division, First Department.   April 24, 1903.)

1. REINSURANCE—LIABILITY OF REINSURER—CONSTRUCTION OF CONTRACT.

A policy of reinsurance issued by an unincorporated association of underwriters provided that a judgment recovered in an action on the policy should be satisfied out of the premiums in the hands of the underwriters unexpended, if sufficient, and otherwise out of the deposits made by the several underwriters; but, if both should be insufficient, then out of the individual liability of the several underwriters, as thereinbefore expressed and limited; that the total liability of each underwriter on all policies "now or hereafter in force," after the application of the total unexpended premiums, should not exceed $2,500. In an action against defendant, as one of such underwriters, to recover his proportionate share of a judgment rendered in an action on the policy, defendant set up that he had long since paid the limit of his liability. *Held* that, if defendant continued to issue policies and sell insurance after the fund measured by the limited liability was exhausted, he must be held to have renewed his contract on the original terms, and was bound to provide a fund on the terms and conditions thereof, and the payment of his previous liability constituted no defense to the enforcement of the policy.

Ingraham, J., dissenting in part.

Appeal from Special Term, New York County.

Action by Francis P. Burke and another, as managers, etc., for the New York & Boston Fire Lloyds, against Benjamin T. Rhoads, Jr. From an interlocutory judgment overruling their demurrer to two of the defenses contained in the answer (79 N. Y. Supp. 407), plaintiffs appeal. Affirmed.

The facts set forth in the complaint are substantially as follows: The plaintiffs are general managers and attorneys in fact for the underwriters at the New York & Boston Lloyds, an unincorporated association, consisting of seven or more persons, who are engaged in the business of fire insurance in the city of New York. The defendant was the general manager and attorney in fact for the underwriters at the People's Fire Lloyds, also an unincorporated association, consisting of seven or more persons, and likewise carrying on the business of fire insurance in this city. On or about September 15, 1895, the defendant, on behalf of the underwriters at the People's Fire Lloyds, including himself, issued to the plaintiffs a policy of reinsurance, under which they agreed to indemnify the underwriters at the New York & Boston Lloyds against certain losses, not exceeding the sum of $5,000. During the term of said policy of reinsurance, a total loss occurred thereunder. Notice and proofs of loss were duly presented, but payment was refused. Thereafter an action was commenced against the defendant, as such general manager and attorney in fact representing the underwriters at the People's Fire Lloyds, under the following provisions of the said policy: "No action shall be brought to enforce the provisions of this policy, except against the general manager and attorney in fact representing all of the underwriters, and each of the underwriters hereby agrees to abide the result of any suit so brought as fixing his individual responsibility hereunder." The action thus brought was contested, but resulted in a judgment on the merits in favor of the plaintiffs. Another clause of the policy provided as follows: "Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters unexpended; if such premiums shall be insufficient, then out of the deposits made by the several underwriters; if both shall be insufficient, then out of the individual liability of the several underwriters as hereinbefore expressed and limited." When the plaintiffs attempted to enforce the right which they had established out of this fund, they found that there were no premiums in the hands of the

underwriters at the People's Fire Lloyds unexpended, nor were there any deposits made by the said underwriters out of which the judgment in question could be satisfied. The plaintiffs then commenced an action against certain of the underwriters at the People's Fire Lloyds, including the defendant, to recover the proportionate shares of their said judgment so found to be due. The defendant, answering in his individual capacity, sets up two defenses, as follows: First. That he has long since paid the limit of his liability under the following provision of the policy: "And in the event of a fire or fires occurring, whereby several risks insured under policies issued pursuant to the said power of attorney are involved * * * all policy holders, who shall sustain loss or damage from such fire or fires shall be entitled to recover as against each underwriter, only that proportion of the adjusted claim on each policy, which the aggregate of such claims shall bear to the total liability of each underwriter as thus limited and the total liability of each underwriter on all policies now or hereafter in force after the application of the total unexpended premiums, shall not exceed twenty-five hundred dollars (the original subscription of $500 each being therein included)." Second. A partial defense, involving a modification of the original judgment by the Appellate Division (Alker v. Rhoads, 76 N. Y. Supp. 808), whereby it was reduced in amount, and that therefore, on account of said reduction, the defendant, if liable at all, would not be liable for the full amount for which the plaintiffs had asked in their complaint, but only defendant's proportionate share of the judgment after the same had been reduced by the Appellate Court. From the interlocutory judgment overruling plaintiffs' demurrer to these two defenses, this appeal is taken.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

William B. Ellison, for appellants.
Thomas Cooper Byrnes, for respondent.

HATCH, J. We agree with the disposition of the demurrer made by the learned court at Special Term (79 N. Y. Supp. 407), and also in his opinion delivered in reaching such conclusion. It does not follow, however, from this view, that the defendant may escape liability, even though at the time when this action was brought he had in fact paid the full sum of $2,500, the limit of his liability. It does not appear from the answer, or otherwise from the record, when the liabilities which exhausted the $2,500 were incurred, or when they were paid. The terms of the policy, so far as they are made apparent by the pleadings in the action, show that the parties contracted with reference to the limited liability upon the part of the underwriter. It is evident, therefore, that, when losses had been sustained which equaled such limited amount, then, as to policies issued thereafter, there could be no individual liability of the underwriter, and consequently no insurance by him under such policies, if the rule is to obtain that without regard to the number of policies issued, or the amount of losses sustained, the extent of liability is measured by the payment in full of the limited liability. It is manifest that, if such be the construction of this contract of insurance, then, the moment that losses are sustained to the extent of the limited liability, there is no insurance by the underwriter upon those policies issued after the happening of such event, and consequently a contract might be made, and the insured pay his premiums for the individual liability of the underwriter, when in fact, under the terms of the contract, there could be no such liability, for the reason that the losses

already sustained equal the full amount which the underwriter agreed to pay by the terms of his contract. If such be the construction, a case is presented where the underwriter may issue a policy, and receive premiums therefor, without in fact furnishing the insured any security, or imposing upon the underwriter any liability. The bare statement of this proposition is sufficient to show that a construction which works such a result is not permissible. The underwriter, when he issues the policy, holds out to the insured, by the terms of his contract, that he is liable upon such policy in the amount specified therein. The insured, of course, takes his chance of being able to secure payment of his loss from such limited liability, and, if he is so unfortunate as to suffer a loss after the time when the liability of the underwriter has occurred to the full extent of his limited liability, he has secured nothing by virtue of his contract. The insured, however, is entitled to the benefit of his contract as a contract of insurance for the amount mentioned therein when the policy is issued, or of such sum as still remains unexpended of the limited liability. If, however, that sum is exhausted when his policy is issued, then he is not insured at all, so far as concerns the individual liability of the underwriter. In effect, the underwriter agrees to provide a fund, limited in amount to $2,500. When that sum is exhausted, manifestly the underwriter's business of insurance must cease, because he is then in no position to farther conduct the business, as he has no funds, and is liable for no loss, as his liability is exhausted. To continue to issue policies thereafter, with full knowledge that no fund exists from which a loss may be payable, and receive premiums for a liability which cannot exist, would authorize the perpetration of the grossest fraud upon the insured. He has no means of determining when he receives his policy that the fund, measured by the limited liability, has been wiped out, in consequence of which he contracts for something which he does not get, and the underwriter reaps a benefit, misleads the insured to his prejudice, and furnishes no consideration for the payment which the insured makes. When the fund which measures the limited liability of the insurer is exhausted, he must cease to underwrite, or, if he continues the business, he must also continue to furnish the liability for which his contract called. If, after the fund is exhausted, he continues to issue policies and sell insurance, he must be regarded as occupying precisely the same position and incurring the same liabilities as he did when he issued the policies which resulted in loss, to the amount of the fund which he had agreed to pay. If he chooses to continue in the business of insurance thereafter, he must be held to have renewed his contract upon its original terms, and is bound to provide a fund upon the terms and conditions of the contract; and the payment of his previous liability constitutes no defense to the enforcement of such policy in accordance with its terms. To hold otherwise would be to mislead the insured to his ruin, and to enable the underwriter to secure a consideration without giving anything therefor in return. Its effect would be to sanction fraud of so gross a character as to shock the moral sense. It will therefore become important upon the trial of this action to determine when the losses were sustained which ex-

hausted the fund, and when the policy was issued in respect of such losses. The question can only be determined upon the proof as it appears upon the trial.

It follows that the interlocutory judgment should be affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ., concur.

INGRAHAM, J. (dissenting). This action is upon a policy of reinsurance. The ninth clause of the complaint alleges that there was therein contained the following provision:

"No action shall be brought to enforce the provisions of this policy except against the general manager and attorney in fact, and representing all of the underwriters, and each of the underwriters hereby agrees to abide the result of any suit so brought, as fixing his individual responsibility hereunder. Judgment entered in such an action shall be satisfied out of the premiums in the hands of the underwriters unexpended; if such premiums shall be insufficient, then out of the deposit made by the several underwriters; if both shall be insufficient, then out of the individual liability of the several underwriters, as hereinbefore expressed and limited."

This allegation of the complaint is not denied, and therefore stands conceded. The first defense demurred to alleges that the policy of insurance mentioned in the complaint contained the following provision:

"All policy holders who shall sustain loss or damage from such fire or fires shall be entitled to recover as against each underwriter, only that proportion of the adjusted claim on each policy which the aggregate of such claims shall bear to the total liability of each underwriter, as thus limited; and the total liability of each underwriter on all policies now or hereafter in force after the application of the total unexpended premiums, shall not exceed twenty-five hundred dollars (the original subscription of $500 each being therein included)."

It is also alleged—

"That this defendant, as an underwriter of the said People's Fire Lloyds, has been compelled to pay, and did pay, after the issuance of the policy referred to in the plaintiffs' complaint, on policies of insurance of the said People's Fire Lloyds existing and in force at and after the time of issuance of the said policy No. 102,388, and after the application of the total unexpended premiums received by said People's Fire Lloyds, a sum greatly in excess of $2,500, his total fixed liability as an underwriter aforesaid, provided in the said policy aforesaid," and "that having paid, as heretofore alleged, his total fixed liability as an underwriter of the said People's Fire Lloyds, this defendant is not liable in any sum whatsoever to the plaintiffs herein."

And the question is whether this is a defense to a cause of action to recover against the defendant individually for a loss under the policy; the plaintiff having recovered a judgment against the agent and attorney in fact, which he has been unable to collect.

The whole policy is not made a part of the pleadings; the defendant relying as a defense to his obligation as an individual underwriter under the policy upon this clause, which, it is claimed, limits his liability to the sum of $2,500, so that, no matter what the loss may be under any specific policy, if he has paid the sum of $2,500 on other

policies of insurance issued by him to an amount of $2,500, he thereby escapes all individual liability. This clause, if given the construction claimed by the defenc'...nt, would enable him to go on issuing policies to any amount, receiving the premiums therefor, but affording no indemnity to the policy holders, and conferring upon them no advantage; and while I agree that the contract made, however disadvantageous to one of the parties it may be, should be enforced, I do not think such a construction should be given to this clause, in a policy prepared by the defendant, unless it restricts such liability in the clearest terms. If this limitation had been intended to apply to the policy issued to the plaintiffs, there would have been no difficulty in so providing in unambiguous language; and while it may be conceded that the defendant, by inserting this clause, sought to escape the liability which by the contract he had expressly assumed, I think, before such a construction should be given · to it, that intention should be plainly expressed, and made to apply to the policy, which had imposed a distinct liability. If this is a good defense, then upon proof of this clause of the contract pleaded, and the fact that the defendant has paid $2,500, the defendant will be entitled to judgment. If the defense fails to set up facts as to the agreement which will discharge the defendant, then the defense is insufficient, and the demurrer thereto should have been sustained. As pleaded, I do not think the defense is sufficient, and I therefore think that the demurrer to it should have been sustained.

I concur with Mr. Justice HATCH as to the second defense.